**IT IS ORDERED as set forth below:**



Date: December 21, 2017

_____

**W. Homer Drake
U.S. Bankruptcy Court Judge**

_____

**UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
NEWNAN DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF**: | : | **CASE NUMBERS** |
| | : | |
| MICHAEL N. ILES, | : | BANKRUPTCY CASE |
| Debtor. | : | 15-11786-WHD |
| _____ | : | |
| | : | |
| JAMES G. BAKER, Chapter 7 Trustee | : | |
| For the Bankruptcy Estate of Michael | : | |
| Norman Iles | : | |
| Movant, | : | Contested Matter |
| | : | |
| v. | : | |
| | : | |
| Michael Norman Iles, | : | IN PROCEEDINGS UNDER |
| Respondent. | : | CHAPTER 7 OF THE |
| | : | BANKRUPTCY CODE |

## ORDER

On October 11, 2017, the Chapter 7 Trustee (hereinafter the "Trustee") filed

the instant Motion To Sell Property of the Estate Free and Clear of Liens, Claims and Encumbrances and Motion for Order Under Rule 9019 of the Federal Rules of Bankruptcy Procedure Authorizing and Approving A Compromise of Claims (hereinafter the "Motion") in the above-captioned proceeding. Upon proper service and notice to all parties, the matter came before the Court for hearing on November 15, 2017. The Trustee, Trustee's Counsel and Debtor's counsel were present at the hearing. At the conclusion of the hearing, after presentation of arguments by the aforementioned parties, the Court took the matter under advisement. The Court concludes as follows.

## Background

On October 11, 2017, the Trustee filed the instant Motion requesting the Court's permission to sell property of the estate located at 121 Shephard Way, Newnan, Georgia (hereinafter the "Property"). The Trustee possesses the Property in fee simple.[1] (*See* Doc. No. 70). The estate acquired an interest in the Property through a post-petition warranty deed executed by Jennifer Iles, as Grantor, to the Trustee, as Grantee. (*Id.*). The Trustee states that he has obtained an offer of sale

---

[1] Doc. No. 70 Ex. C

2

to acquire the Trustee's interest in the Property for $72,000 from Jennifer Iles.[2] According to the Trustee, if the Court permits the sale of the Property, the estate shall receive 100 percent (100%) of the net proceeds of the sale because the Debtor has claimed no exemptions in the Property, and, further, denies any interest in the Property. (*Id.*). Finally, the Trustee asserts, due to the Debtor's denial of ownership, the sale may result in a surplus following the payment of all administrative claims and payment to all creditors of the estate in full, plus interest. (*Id.*).

On October 31, 2017, the Debtor filed a response to the Trustee's Motion. (*See* Doc. No. 72). The Debtor asserts that he has no interest in the property, and, because the Debtor has no interest, the Property is not property of the estate. (*Id.*). As a result, the Trustee does not have the power to sell the Property, and this Court does not have the power to grant the Trustee's request. (*Id.*). The Debtor, in support of his argument, states that the Affidavit referenced by the Trustee is insufficient, under Georgia law, to convey title to real property because the writing contains only a street address which, the Debtor contends, is an insufficient legal description. (*Id.*). Finally, the Debtor requests that the Trustee divest, convey and

---

[2] Doc. No. 70 Ex. B

3

return to Jennifer Iles all of the Trustee's interests in the Property.  (*Id.*).

On November 15, 2017, the Trustee filed a reply to the Debtor's response. (*See* Doc. No. 73).  The Trustee argues that the Property is property of the estate because a properly executed deed conveying real property is deemed transferred upon delivery and conveyance.[3]  (*Id.)*.  The Trustee states that, because a properly executed deed has been transferred to the Trustee from Jennifer Iles, the prior owner, the Property is property of the estate.[4]  (*Id.*).  The Trustee, addressing the Debtor's argument concerning the Affidavit, states that the Affidavit is not the means through which interest in the Property was acquired, as a properly executed deed that complies with Georgia law has already conveyed title to the Trustee.  (*Id.*). Finally, the Trustee asserts that the Debtor's objections should be disregarded because the Debtor has no standing to object to the Trustee's administration of the estate in the Chapter 7 proceeding.  (*Id.*).

## Discussion

The Debtor, in his Response, presents three (3) arguments in objection to the Trustee's Motion.  The Debtor asserts: (1) the Trustee fails to state a claim upon

---

[3]  Citing West's Ga. Code Ann. § 44-5-30; *In re Guyton*, 518 B.R. 681 (Bankr. S.D. Ga. 2014).
[4]  The Deed transferring the Property to the Trustee is attached as Exhibit "C" to the Trustee's Motion (Doc. No. 70).

4

which relief can be granted; (2) the Property is not property of the estate; and (3) neither the Trustee, nor this Court, has jurisdiction over the Property.  As a matter of efficiency, the Court will first address the Debtor's objection to this Court's jurisdiction, followed by the Debtor's assertion that the Property is not property of the estate.  The Court will conclude, if necessary, by addressing the Debtor's argument that the Trustee fails to state a claim upon which relief can be granted.

A. Jurisdiction

It is well established that one of the core matters that fall within bankruptcy court jurisdiction is an order approving a sale of property of the estate.  *See* 28 U.S.C. § 157(b)(2)(N); *Morris v. Puleo (In re Performance Materials),* 309 B.R. 819, 821 (Bankr. M.D. Fl. 2004).

However, the Debtor argues that jurisdiction in this Court does not exist because the Property is not property of the estate.  The Trustee, on the other hand, asserts the opposite – that the Property is property of the estate and this is a core proceeding under § 157(b).  Thus, there is a dispute as to whether the Property is in fact property of estate.

It is recognized that core proceedings are narrow in scope, and include only those cases that implicate the property of the bankruptcy estate, and invoke

5

substantive rights created by federal bankruptcy law or exist exclusively in the bankruptcy context. *See Workley v. Bakst,* 844 F.3d 1313, 1318 (11th Cir. 2017). However, as this Court noted in *Brown v. Fox Broad. Co. Kathy Cox (In re Cox)*, it is generally recognized that a determination of what constitutes property of the estate pursuant to 11 U.S.C. § 541 is a core proceeding under 28 U.S.C. § 157(b)(2)(A).[5] 433 B.R. 911 (Bankr. N.D. Ga. 2010) (Drake, J.). Further, "[w]henever there is a dispute regarding whether property is property of the bankruptcy estate, exclusive jurisdiction is in the bankruptcy court. *Slay Warehousing Co. v. Modern Boats, Inc.*, 755 F.2d 619, 620 (5th Cir. 1985).

Here, an apparent dispute exists between the parties regarding whether the Property is property of the estate. Thus, this Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334; this is a core proceeding pursuant to 28 U.S.C. § 157(b); and, venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

B. Is the Property at Issue Property of the Estate?

Upon a filing of a Chapter 7 bankruptcy petition, a separate estate is created

---

[5] *See also Brown v. Dellinger (In re Brown)*, 734 F.2d 119, 124 (2d Cir. 1984) (bankruptcy court has exclusive jurisdiction to resolve competing claims to property of the estate.); *Helena Chem. Co. v. True (In re True)*, 285 B.R. 405, 412 (Bankr. W.D. Mo. 2002) (bankruptcy court has exclusive jurisdiction to decide whether certain property is property of the bankruptcy estate.); *Mata v. Eclipse Aerospace, Inc. (In re AE Liquidation, Inc.)*, 435 B.R. 894, 904-05 (Bankr. D. Del. 2010).

6

that is defined by federal law pursuant to § 541.  *See* 11 U.S.C. § 541; *In re Brown Transport Truckload, Inc.,* No. 1:90-cv-434-GET, 1990 U.S. Dist. LEXIS 16300, at *6 (N.D. Ga. Nov. 7, 1990).  Section 541 defines the extensive breadth of this separate estate by establishing a uniform and comprehensive definition of "property of the estate."  *Id.,* at *7.  The Trustee asserts that the Property, due to the Trustee's interest in the Property, is property of the estate.  The Debtor, however, argues that the Property "simply does not fall in any of the Section 541 categories."  (Doc. No. 72).  The Court does not agree.  The Property falls squarely within the definition of property of the estate pursuant to § 541(a)(7).

Section 541(a)(7) includes in the estate "any interest in property that the estate acquires after the commencement of the case."  11 U.S.C. § 541(a)(7); *In re de Hertogh,* 412 B.R. 24, 31 (Bankr. D. Conn. 2009).  Section 541(a)(7) makes property of the estate any interest in property that the estate, not the debtor, acquires after the petition date.  *In re Neidorf,* 534 B.R. 369, 371 (B.A.P. 9th Cir. 2015); *see also In re Hertogh,* 412 B.R. at 31.  "An example of the application of [this provision] would be if the trustee entered into a contract after the commencement of the case.  The estate's interest in such a contract would, pursuant to section 541(a)(7), be property of the estate."  *Colliers on Bankruptcy* ¶ 541.16 (16th ed.).

7

Here, contrary to the Debtor's assertions, there is no question that the Property is property of the estate. The Trustee, as administrator of and acting on behalf of the bankruptcy estate, has acquired an interest in the Property through a properly executed Deed. Thus, the Trustee's interest in the Property is property of the estate.

C.   Failure to State a Claim

As the Court has jurisdiction over this matter and the Property is property of the estate, the Debtor's argument that the Trustee fails to state a claim upon which relief can be granted is invalid.

D.   Debtor's Standing to Object to Trustee's Motion

Trustee's Counsel argues that the Debtor has no standing to object to the Trustee's Motion. In support of this argument, Trustee's Counsel points out that the Debtor has continuously argued that he has no interest in the Property. In fact, the Debtor, not only in the contested matter currently before the Court but also in a pending adversary proceeding, asserts that he has no interest in the Property.

A Chapter 7 debtor has little authority over the administration of the bankruptcy estate or the liquidation of property of the estate. *In re* Ellis, No. 10-16998-RLM-7A, 2014 WL 1725810, at *1 (Bankr. S.D. Ind. April 30, 2014). A Chapter 7 debtor has limited standing to object to bankruptcy court orders involving

8

administration of the estate. *Id.,* at *2 (noting that orders on the sale of estate assets involve estate administration).

The Supreme Court has articulated a three-factor test for meeting the constitutional requirements of standing: (1) the party asserting standing must have suffered actual or threatened injury; (2) the injury must be fairly traceable to the conduct at issue; and (3) a demonstration must be made that the requested relief is likely to redress the injury. *Valley Forge Christian College v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 472 (1982).

In order to satisfy the first factor, a debtor must show actual or threatened injury. In a bankruptcy proceeding, an actual or threatened injury is shown when a party's pecuniary interest may be affected by the outcome of the decision. *In re Cormier*, 382 B.R. 377, 410 (Bankr. W.D. Mich. 2008). Simply put, a Chapter 7 debtor must have a pecuniary interest in the order to be entered by the bankruptcy court to have standing to object to it. *In re Cult Awareness Network, Inc.,* 151 F.3d 605, 607 (7th Cir. 1998). A pecuniary interest sufficient to support standing, in the case of objecting to the sale of property of the estate, is found if the bankruptcy estate is solvent, with a surplus to be paid to the debtor. *In re Ellis*, 2014 WL 1725810, at *1. A debtor suffers no injury, unless the estate is solvent and the excess will

9

eventually go to the debtor.   Thus, the debtor, absent a surplus to which he is entitled, is not a party that is aggrieved by orders affecting the administration of the bankruptcy estate.  *Lane v. Lane*, 646 Fed. Appx. 646, 649 (10th Cir. 2016); *In re Coleman*, 131 B.R. 59, 60-1 (Bankr. N.D. Tex. 1991) (finding that the Debtor had no standing to object to the Trustee's proposed sale of property of the estate because no surplus from the sale would revert back to the Debtor).

The Court notes that Chapter 7 debtors rarely have such a pecuniary interest because no matter how the estate's assets are disbursed by the trustee, assets typically will not revert back to the debtor.  *In re Cult Awareness Network*, *Inc.,* 151 F.3d at 607.   The Court does not find such a rare occurrence materializing in this matter.

Here, the Trustee's Motion states that the sale of the Property may possibly result in a surplus that will allow for the payment of all creditors in full, plus interest; therefore, the sale of the Property is clearly in the best interest of the bankruptcy estate.   Also, as the Court has observed, the Debtor rejects any interest in the Property.   In this instance, even if the Debtor asserted an interest in the Property, there would be no surplus from the sale, and, thus, no standing for the Debtor to object.   Thus, the Debtor has no standing to object to the Trustee's Motion.

10

### Conclusion

Therefore, in accordance with the foregoing, it is hereby **ORDERED** that the Trustee's Motion is **GRANTED.**

The Clerk is **DIRECTED** to serve this Order on the Debtor, Debtor's Counsel, the Chapter 7 Trustee and the United States Trustee.

**END OF DOCUMENT**